UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | Case No. 2:23-cv-00594-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| CDCR, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against defendants alleging that they violated his rights by failing to provide him with adequate dental care and by falsifying medical documents that impacted his medical access and custody classification. ECF No. 1 at 13. His allegations against defendants Tan and Williams for failing to provide him with adequate medical care are suitable to proceed. His other claims, for the reasons state below, are not. Plaintiff may either proceed only with his cognizable claims, or delay serving any defendant and file an amended complaint. I will also grant his application to proceed *in forma pauperis*, ECF No. 4.

# Screening Order

## I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As noted above, plaintiff alleges that defendants Tan and Williams failed to provide him with adequate care for dental issues he suffered in 2021 while incarcerated at the California Health Care Facility in Stockton. ECF No. 1 at 4-7. These Eighth Amendment claims are cognizable and may proceed past screening. His claims against the prison itself and against the California Department of Corrections and Rehabilitation, by contrast, fail. Neither is a "person" within the meaning of section 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969). And plaintiff's allegations that Tan and Williams violated his Fourteenth Amendment rights by falsifying documents that impacted his medical access and classification are not cognizable. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987); *see also Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020 U.S. Dist. LEXIS 177509, 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.").

Plaintiff may either proceed only with his Eighth Amendment claims against defendants Tan and Williams or he may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.     Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

2.     Within thirty days from the service of this order, plaintiff must either indicate his desire to proceed only with the claims identified above as cognizable or he must submit an amended complaint. If he fails to do either, I may recommend that this action be dismissed for

failure to prosecute.

      3.      The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   September 19, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE