UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR, *et al.*,<br><br>   Defendants. | Case No. 2:23-cv-00594-DAD-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION TO VACATE THE JUDGMENT BE DENIED<br><br>ECF No. 12<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff is a former state prisoner proceeding pro se and *in forma pauperis* in this closed civil rights action under 42 U.S.C. § 1983. Plaintiff moves to vacate the court's judgment because he claims to have filed a response to the court's September 20 order and because he claims that he never received the court's November 17, February 7, and March 13 orders.

    By way of background, on March 29, 2023, plaintiff filed a complaint alleging that defendants CDCR, California Health Care Facility Stockton, and dentists Kevin Tan and Kevin Williams violated his civil rights. ECF No. 1. Plaintiff failed to pay the filing fee or move to proceed *in forma pauperis*, so on April 24, 2023, I ordered plaintiff to either pay the fee or file an *in forma pauperis* application. ECF No. 3. Plaintiff moved to proceed *in forma pauperis*, ECF No. 5, but since his prison trust account demonstrated a balance of over $3,000, I ordered plaintiff

1  to show cause why he should be granted *in forma pauperis* status.  ECF No. 6.  Plaintiff filed a
2  response, ECF No. 6, and, approximately two months later, plaintiff's address was updated by
3  court staff to 154 E. 85th Street, Los Angeles, pursuant to a notice of change of address filed in
4  *Springfield v. Hudson*, 2:22-cv-00328-DAD-CKD, ECF No. 41.

5  On September 20, 2023, I granted plaintiff's application to proceed *in forma pauperis* and
6  screened his complaint.  ECF No. 7.  In that order, I gave plaintiff the option to file within thirty
7  days either an amended complaint or a notice that he wished to proceed with the cognizable
8  claims identified in the screening order.  *Id.*  When plaintiff failed to respond by the deadline, I
9  issued an order to show cause on November 17, 2023 for why this action should not be dismissed
10 for plaintiff's failure to comply with the September 20 order.  ECF No. 8.  I explained that I
11 would recommend that this action be dismissed if plaintiff failed to file a response.  *Id.*  Plaintiff
12 failed to respond again, so, on February 7, 2024, I recommended that this action be dismissed
13 based on plaintiff's failure to prosecute and failure to comply with court orders.  ECF No. 9.  On
14 March 13, 2024, the district judge adopted those findings in full and dismissed this action.  ECF
15 Nos. 10 & 11.  The docket reflects that the September 20, the November 17, February 7, and
16 March 13 orders were served on plaintiff's Los Angeles address, and none of the orders were
17 returned to the court as undeliverable.

18 Two months after the district judge dismissed this action, plaintiff filed this motion to
19 vacate the judgment.  ECF No. 12.  Plaintiff argues that the judgment should be vacated because
20 he filed a motion on September 28, 2023, asking to proceed on his cognizable claims (as directed
21 by the September 20 order) and because the court did not mail him a copy of the February 7, 2024
22 order.  *Id.* at 2-3.  He states that the last time he received a court order was September 20, 2023,
23 and that he only learned that this action had been dismissed on May 3, 2024.  ECF No. 12-1 at 2.
24 Having considered the record, I recommend that his motion to vacate the judgment be denied.

25 Under Rule 60(b), the court may grant reconsideration of a final judgment and any order
26 based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
27 which, with reasonable diligence, could not have been discovered within ten days of entry of
28 judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  *See* Fed. R. Civ.

1  P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within
2  one year of entry of judgment or the order being challenged.  *See* Fed. R. Civ. P. 60(c)(1).  Under
3  Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void; (2) the
4  judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or
5  vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason
6  that justifies relief.  *See* Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of
7  these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

8      Plaintiff does not argue that there has been an intervening change in the law or that there
9  is new evidence.  Plaintiff thus appears to argue that the court should amend its judgment to
10 correct clear error or prevent manifest injustice.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111
11 (9th Cir. 2011).  However, plaintiff fails to offer any reasonable explanation to support his theory
12 that he never received any of the court's orders.  None of the orders mailed to plaintiff were
13 returned as undeliverable and the court mailed each order to the address provided by plaintiff—
14 and that plaintiff is still using.  *See* ECF No. 12-1 at 1.  Further, the court never received the
15 motion that plaintiff allegedly filed on September 28, 2023.  The docket reflects that plaintiff's
16 latest filing (apart from the current one) was filed on June 8, 2023.  ECF No. 6.  The court has
17 provided plaintiff with ample opportunity to prosecute this action.  Even if I accepted plaintiff's
18 assertion that he never received any of the court's orders, he was under an affirmative duty to
19 prosecute this action, yet he did not inquire about the status of his case for over half a year.
20 Accordingly, plaintiff has failed to establish any basis for relief under Rule 60(b) from the court's
21 dismissal order and judgment, and I recommend that his motion be denied.

22     Further, it is hereby RECOMMENDED that plaintiff's motion to vacate the judgment,
23 ECF No. 12, be denied.

24     These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
26 service of these findings and recommendations, any party may file written objections with the
27 court and serve a copy on all parties.  Any such document should be captioned "Objections to
28 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 26, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE