UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-00594-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO VACATE THE JUDGMENT<br><br>(Doc. Nos. 12, 13) |

　　　　Plaintiff Ciron B. Springfield is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 13, 2024, the court dismissed this action without prejudice due to plaintiff's failure to prosecute this action. (Doc. No. 10.) That same day, judgment was entered and this case was closed. (Doc. No. 11.)

　　　　Two months later, on May 13, 2024, plaintiff filed a motion to reopen this case. (Doc. No. 12.) In his motion, plaintiff asserts that he had prosecuted the case by mailing a notice stating that he wished to proceed on his cognizable claims on September 28, 2023 and that he never received the February 7, 2024 findings and recommendations that had recommended his case be dismissed. (*Id.* at 3–4.)

1

1    On July 29, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) (*Id.*) be denied. (Doc. No. 13.) Specifically, the magistrate judge found that the court's orders had been mailed to the address of record provided by plaintiff (an address that plaintiff continued to use today), that those orders had never been returned to the court as undeliverable, and that, even if the court accepted that plaintiff had not received court orders, he was under an affirmative duty to prosecute this action which he had not satisfied as reflected by his failure to inquire as to the status of his case or communicate in any with the court for more than six months. (*Id.* at 2–3.)

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On August 26, 2024, plaintiff filed his objections. (Doc. No. 14.)

Plaintiff's primary objection appears to be that his mailing address changed after he was admitted to a hospital due to mental health issues he was experiencing, giving rise to an extraordinary circumstance which justifies reopening the case. (*Id.* at 3.) However, this objection does not meaningfully address the deficiencies in his pending motion identified by the magistrate judge. *See, e.g., Jacobsen v. People of the State of Cal.*, No. 1:14-cv-00108-JLT, 2016 WL 7616705, at *2–3 (E.D. Cal. Dec. 29, 2016) ("It is [the p]laintiff's duty to keep his address updated and current.") "Rule 60(b)(6) is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Goff v. Walters*, No. 1:18-cv-00904-KES-HBK (PC), 2024 WL 1722251, at *2 (E.D. Cal. Apr. 22, 2024) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). Recognizing that plaintiff has expressed frustration with outcome of his case being dismissed, the law requires that the pending motion to reopen the case be denied. *See Brown v. Warden*, No. 2:10-cv-02040-MCE-KJN, 2011 WL 2559428, at *2 (E.D. Cal. June 27, 2011) (noting that dissatisfaction or disagreement with the court's order alone is not adequate grounds for relief under Rule 60(b)(6)).

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on July 29, 2024 (Doc. No. 13) are adopted;
2. Plaintiff's motion to reopen this case (Doc. No. 12) is denied;
3. This case shall remain closed.

IT IS SO ORDERED.

Dated: __**November 13, 2024**__            _/s/ Dale A. Drozd_
                                             DALE A. DROZD
                                             UNITED STATES DISTRICT JUDGE